IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| RICHARD DOUGLAS BEST, § <br>    Plaintiff, § <br> § <br> v. § <br> § No. W:23-CV-00728-ADA-JCM <br> UNITED STATES OF AMERICA § <br> (ACTING BY AND THROUGH THE § <br> UNITED STATES POSTAL SERVICE), § <br>    Defendant. § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ALAN D ALBRIGHT,
   UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court are Defendant United States of America's Motion to Dismiss (ECF No. 4), Plaintiff's Response (ECF No. 5), Defendant's Reply (ECF No. 8), Plaintiff's Supplemental Reply (ECF No. 11), and Defendant's Supplemental Response (ECF No. 13). For the following reasons, the undersigned **RECOMMENDS** Defendant's Motion be **DENIED**.

## I. BACKGROUND

Plaintiff Richard Douglas Best sues the United States of America, acting through the United States Postal Service ("USPS"), under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, for acts of negligence and negligence per se. Pl.'s Compl. at 1, 3 (ECF No. 1). The

1

United States of America is liable under the doctrine of *respondeat superior* for the actions of the USPS.

Joshua Luna was employed by the USPS to operate a postal delivery vehicle. *Id*. at 2. On February 11, 2022 around 7:00pm, Luna stopped his vehicle at the stop sign on 1000 Block of South 23rd Street at Veterans Avenue in Copperas Cove, Coryell County, Texas. *Id*. Best was driving eastbound on Veterans Avenue crossing the intersection. *Id*. Best alleges Luna failed to yield to Best's right of way. *Id*. As Luna pulled out into the intersection, Best struck the side of the USPS vehicle. *Id*. Best suffered physical injury and damage to his vehicle. *Id*.

Best presented a claim to the USPS pursuant to 28 U.S.C. § 2675. *Id*. at 4. He sent his original claim on December 6, 2022, and the agency received the claim on December 8, 2022. Pl.'s Resp. at 1; Def.'s Mot. at 4. Best then supplemented his claim with the agency on September 27, 2023, more than six months after the original claim was filed, to reduce the amount of damages asserted. Pl.'s Resp. at 1. The administrator for the agency responded to Best's claim via telephone calls and emails with a settlement offer. *Id*. The settlement offer was rejected. *Id*. On October 25, 2023, Best filed suit. *Id*.

The United States of America moves to dismiss the complaint under the Federal Rule of Civil Procedure 12(b)(1), arguing this Court lacks subject matter jurisdiction because the Plaintiff's lawsuit is premature.

## II.    LEGAL STANDARDS

Rule 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly

dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id*. In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of undisputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### III.   DISCUSSION

28 U.S.C. § 2675(a) requires a plaintiff to present notice of his or her claim to the appropriate federal agency before filing suit under 28 U.S.C. § 1346(b). *Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978). Only after the claim has been denied or six months have passed may a plaintiff bring suit in federal court on the claim. 28 U.S.C. § 2675(a). Best filed suit in this Court more than six months after the submission of his initial administrative claim but within six months from the filing of his amended claim. Pl.'s Compl. at 4. The defendant argues that Best's suit is premature, thus challenging the Court's jurisdiction. Def.'s Mot. at 4. The defendant alleges that agency regulations require Best to wait six months after amending his claim before exercising his option to file suit. *Id*. Best counters that jurisdictional prerequisites are solely outlined in section 2675(a) and that he complied with all statutory requirements. Pl.'s Resp. at 4. Therefore, he argues he was entitled to file his action in this Court once the agency failed to adjudicate his claim within six months of its initial submission. *Id*.

The questions, therefore, are (1) whether having no final disposition six months after the filing of the original claim was a "final agency action" entitling the plaintiff to bring suit and (2) whether the six-month investigation period "reset" when the supplemental claim was filed on September 27, 2023.

First, defendant's failure to make a final disposition within six-months of the filing of the original claim was a final agency action. "[A]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . ." 28 U.S.C. § 2675(a). If the agency doesn't reach a final decision on the claim within six months of receiving it, the claimant can choose to regard the claim as officially denied for the purpose of filing suit. *Id*. Exhaustion of this administrative remedy is a jurisdictional prerequisite to suit. *McNeil v. United States,* 508 U.S. 106, 113 (1993). The defendant failed to make a final disposition within six months of receiving the claim. Pl.'s Compl. at 4. Therefore, failing to make a final disposition constitutes a final agency action.

Second, defendant argues, "[o]nce the claimant or his representative amends a pending claim, the USPS has six months by which to make a decision on the claim, as amended, and the claimant's option under 28 U.S.C. § 2675(a) does not accrue until six months *after* the filing of the amendment. 39 C.F.R. § 912.5(c) (emphasis added)." Def.'s Mot. at 2. The "federal court's power to adjudicate a tort claim brought against the United States depends *solely* on whether the claimant has previously complied with the minimal requirements of the statute." *Adams v. United States,* 615 F.2d 284, 292 (5th Cir. 1980). Following *Adams's* ruling that the statute establishes the jurisdictional requirements for filing suit, any amendment made after the final agency action does not reset the six-month period if the plaintiff has previously complied with

4

the statute's requirements for filing suit. *Id*. Because the USPS failed to make a final disposition on the claim within six months and the plaintiff filed suit after the expiration of the six-month period, the plaintiff has met the jurisdictional requirements of the statute thereby not resetting the six-month period when they amended their claim.

In *Adams*, the court concluded that information within the government's control was enough for them to make a final decision on the claim. *Id*. at 287. In this case, the only significant change between the initial claim form and the supplemental claim form is a reduction in the damages amount. Pl.'s Resp. at 1. Therefore, the USPS had all the information they needed to make a final disposition on the claim within six months and failed to do so. *Id*. The filing of the amendment did not constitute new information outside the USPS's control requiring another six-month investigation period.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States of America's Motion to Dismiss (ECF No. 4) be **DENIED.**

## V.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140,

150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 11th day of June 2024.**

_____
**JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE**